MILLARD N. CORN

v.

BOARD OF EDUCATION.

*Schools—Salary of Teacher—Action to Recover—Destruction of School House—Tornado.*

1.   Neither party to a contract entered into between a school board and teacher, whereby the latter is employed to teach a certain school upon a salary named, is discharged from observing the conditions thereof by reason of the destruction of the school house, in the absence of any provision therein touching such possible occurrence.

2.   The inability of the school board to procure another building for school purposes would not in such case, in the absence of such provision, absolve it from a liability for salary.

[Opinion filed June 9, 1891.]

IN ERROR to the Circuit Court of Jefferson County; the Hon. W. C. JONES, Judge, presiding.

An action of assumpsit was brought by plaintiff against defendant in error in the Circuit Court of Jefferson County, on a written contract, viz.:   "This indenture witnesseth that Millard N. Corn, party of the first part, agrees to teach seventh grade in east end building in public schools of Mt. Vernon, Illinois, known as District No. 1, Town 2, Range 3, east of the Third Principal Meridian, in accordance with the following stipulations: First, he will faithfully discharge his duty as a teacher under the guidance and direction of the superintendent, and in accordance with the adopted regulations of the board and the law of the State of Illinois; second, he will attend Jefferson County, Illinois, Teachers' Institute at least four days, if held in the fall before the opening of school or during winter holidays, unless excused by the resolution of the board; third, he will attend the meetings of the Jefferson County, Illinois, Teachers' Association at least once each month if the meetings occur on Saturday and during the months when school is in session, or will otherwise attend upon

special instruction of equal import by the superintendent at least once each month, unless excused by the superintendent; fourth, he hereby affirms that he holds a valid teacher's certificate of the second grade covering the time for which he is engaged to teach under this contract; fifth, he agrees to perform said services for four consecutive months, beginning January 19, 1888, and excluding such vacation as the board may see fit to interpose; sixth, he agrees to perform said services as above specified for the sum of $45 per legal school month; seventh, he furthermore agrees to the additional stipulation made below by the board as the party of the second part:

"We, the Board of Education of Mt. Vernon, Illinois, known as District No. 1, Town 2 (two), Range 3 (three), east of the Third Principal Meridian, party of the second part, do hereby covenant and agree to employ said party of the first part as a teacher in the school above specified and under the conditions as above stipulated by said party of the first part, and according to the following additional stipulations: first, we agree to pay to Millard N. Corn on discharge of duties as above specified, a salary of $45 per legal school month; second, we agree to deduct a proportionate amount of said salary for every day's absence from duty, unless otherwise ordered by resolution of the board; third, we agree to deduct from said salary an amount equal to one day's pay for every four cases of tardiness made by said party of the first part as tardiness on the part of teachers is defined per our adopted regulations; fourth, we agree in consideration of item two, as stipulated by said party of the first part, to allow at least an equal number of days as vacation between Christmas and New Year without a deduction of salary; fifth, we agree on evidence of the discharge of duties as above specified, and on presentation of a schedule as required by law, to issue an order on the treasurer of Mt. Vernon township, for the amount due said party of the first part, at the end of each school month; sixth, we reserve the right to discharge said party of the first part on proof of incompetence, gross neglect of duty, or for any other cause which may seem sufficient to us as empowered by the law of the State of Illinois. Signed this 16th day of January, 1888, at the city of Mt. Vernon, Illinois.

Millard N. Corn, party of the first part.

James M. Pace, President.

Michael Burgess, Secretary of the Board of Education, party of the second part."

To that declaration defendant pleaded general issue and a special plea, which avers that after the making of said contract mentioned in the declaration, to wit, on February 19, 1888, the defendant was prevented from carrying out, complying with and completing said contract, by an act of God or visitation of Providence, to wit, by the destruction of its school building, in which plaintiff was employed to teach school, by a tornado, of which plaintiff had notice, and defendant avers that then and there said contract was then and there voided and annulled; and defendant avers that after the destruction of its said building it endeavored to procure other suitable and sufficient buildings in which to teach or have taught the schools of said district, but was unsuccessful, of which plaintiff then and there had notice, and this the defendant is ready to verify. A demurrer was interposed to the special plea, which was overruled, and issue joined on both pleas. A jury was waived by the court and a verdict for defendant and judgment against plaintiff for costs. Plaintiff assigns as error that the verdict was against the law and the evidence and the court erred in overruling the motion for a new trial and in entering judgment against the plaintiff for costs.

Messrs. Webb & Webb and William H. Green, for plaintiff in error.

All that plaintiff in error was required to aver and prove was the contract, the possession of a teacher's certificate of the second grade, the failure of the board of education to furnish a room, or house, and his readiness and willingness to teach. School Directors v. Reddick, 77 Ill. 628.

The contract entered into between plaintiff in error and defendant in error was an absolute one, only conditional as to a few minor requirements, and with these he strictly complied, and no question of their performance was raised at the trial below. By their contract, defendant in error agreed to

Corn v. Board of Education.

employ the plaintiff in error to teach school for a period of four months at a salary of $45 per month. It was a contract to do a thing possible in itself, without condition, and the promisor is liable for the breach thereof, even though it was beyond their power to perform it, for by their unconditional contract they ran the risk of undertaking to perform it, when they might have provided against it by contract. Walker v. Tucker, 70 Ill. 543; Chitty on Cont. (5th Am. Ed.) 1070, and note x; Paradine v. Jaine, Aleyn, 27; Parsons on Cont., 5th Ed., Vol. 1, page 556, note n.

Where an unconditional contract is made, the promisor must be the one to suffer for a breach of it, if he fails to embrace the opportunity when making it, to provide against it. Id.; School Trustees v. Bennett, 3 Dutch. 513.

In the case of Steele et al. v. Buck et al., 61 Ill. 344, the Supreme Court, after an exhaustive review of the authorities, both American and English, held that where a contract is entered into by parties wherein they covenant to do or per_ form certain things, the contract is binding and absolute, unless the parties by their contract provide an excuse in case of destruction of the property; that if the loss occurs, the law will let it rest upon the party who has contracted that he will bear it. Bacon et al. v. Cobb et al., 45 Ill. 47; Mill Dam Foundry v. Hovey, 21 Pick. 441; Demott v. Jones, 2 Wallace, 1; School Trustees v. Bennett, 3 Dutch. 518; Bullock v. Dom-mitt, 6 Term. 650; Brennocks v. Pritchard, 6 Term. 750; 3 Bos. & Pul. 420.

Mr. ALBERT WATSON, for defendant in error.

Plaintiff in error demurred to the special plea but did not elect to stand by his demurrer; hence it is conceded that the dispensation of Providence is a release of the defendant's liability under the contract. But in this court by his brief he seeks again to raise the same law question, which we think he can not do. His demurrer was waived by pleading over. I. & St. L. R. R. Co. v. Morgenstern, 106 Ill. 216; Mc-Laughlin v. People, 17 Ill. App. 306; Barnes v. Brookman, 107 Ill. 317; Walker v. Welch, 14 Ill. 277.

No propositions of law were submitted to the trial court, and this furnishes another reason why the law question mentioned will not be considered in this court. Fitch v. Johnson, 104 Ill. 111; Bridge Co. v. Highway Comm'rs, 101 Ill. 518; Hobbs v. Ferguson, 100 Ill. 232; Tibballs v. Libby, 97 Ill. 552; N. W. Mut. Aid Ass'n v. Hall, 118 Ill. 169; Farwell v. Shove, 105 Ill. 61; Kelderhouse v. Hall, 116 Ill. 147; Hardy v. Rapp, 112 Ill. 359; Ins. Co. v. Sea, 21 Wall. 158.

If, however, the court considers the question mentioned, we think the authorities cited by plaintiff in error thereon are not in point. An examination of those authorities will show that they apply to contracts between private persons, or where the private party to the contract sought to be relieved. But in no case where the precise question stated below was presented will it be found that the public corporation or municipality was not released from a contract by act of God. The distinction we make is this: Private persons are bound by the terms of their undertakings unless they expressly provide for their release by dispensation of Providence; but a public corporation, e. g., a common carrier or a school district, being required by law or public necessity to discharge a certain duty toward the public, not for its own profit necessarily, but for the convenience, comfort, safety and well being of the people, is released from such duty and its concomitant obligations by providential interference, and that without the necessity of inserting such a provision in its contracts. Morgan's Addison on Contracts, 3d Am. Ed., Vol. 1, 479, 480; Riley v. Horne, 5 Bing. 220; Elliott v. Russell, 10 Johns (N. Y.) 1; Jamison v. McDaniel, 25 Miss. 83; Philadelphia & C. R. R. Co. v. Anderson, 6th Am. & Eng. R. R. Cases, 407; Livesay v. Philadelphia, 64 Pa. St., 106; Nashville, etc., R. R. Co. v. Davis, 6 Heisk. 261; Same v. King, Ib. 269; Ballentine v. North Miss. R. R. Co., 40 Mo. 491.

The plaintiff in error has modeled his proceedings in this case upon the files and papers found in the case of Scott Crews v. School Directors, 23 Ill. App. 367. The position we state above is, we think, sustained by that case,

the court by converse statement clearly holding that had the fulfillment of the school directors' contract been made impossible by act of God they would not be held bound by its terms. This position is also sustained by the court in the case of Steele et al. v. Buck, 61 Ill. 343, also cited by plaintiff in error, the court there adopting the language (p. 348) of Chief Justice Shaw, in the case there cited: "The distinction is now well settled between an obligation or duty imposed by law and that created by covenant or act of the party. When the law creates a duty, and the party is disabled from performing it, without any fault of his own, the law will excuse him."

It is apparent from the nature of this contract that the continued existence of the school house was presupposed, and therefore the condition is implied that if performance became impossible by the perishing of (say) Mr. Corn or the school house, that would excuse performance. Chitty on Contracts, 11 Am. Ed. 1076, quoted with approval in Walker v. Tucker, 70 Ill. 543.

The other cases cited by plaintiff in error will be found referred to and commented upon in above mentioned cases of Walker v. Tucker and Steel et al. v. Buck.

There was a controversy in the trial below on the question of fact raised by the special plea, viz., the inability of the defendants to procure suitable and sufficient buildings in which to conduct the schools of the district.

No motion for a new trial was made in the court below and preserved in the bill of exceptions, and hence under the rule announced in Wolf v. Campbell, 23 Ill. App. 482; Gregory v. Spencer, 3 Ill. App. 80; Fireman's Ins. Co. v. Peck, 126 Ill. 493, and cases therein cited, the finding of the trial court on the issue of fact will not be reviewed by this court. An attempt is made to save this point by a recital that such motion was made, and reasons assigned therefor, but as there was in fact no motion ever placed on file or submitted to the court, we do not think the omission can be, or ought to be, supplied in the manner indicated.

Should the court, however, hold to the contrary, we then

respectfully submit that there is abundant evidence in the record to sustain the finding of the trial judge, which is sufficient, where the evidence is conflicting and contradictory, to entitle us to an affirmance of the judgment. Knisely v. Sampson, 100 Ill. 573.

Upon questions of fact in trials on the law docket the findings of a *nisi prius* judge are given the same weight as a verdict of a jury. Travers v. Worms, 13 Ill. App. 39; Nimmo v. Kuykendall, 85 Ill. 476; Wood v. Price, 46 Ill. 435; Thomas v. Rutledge, 67 Ill. 213; Vogt v. Buschman, 63 Ill. 521.

The verdict of jury will be sustained if there is evidence in the record to support it, even if the evidence was conflicting and inconclusive, the Supreme and Appellate Courts uniformly saying the juries and trial courts have the best opportunity of judging of the credibility of witnesses and weight to be given to their testimony. Calvert v. Carpenter, 96 Ill. 63; Armour v. McFadden, 9 Ill. App. 508; Hays v. Houston, 86 Ill. 487; Lewis v. Lewis, 92 Ill. 237; Cohen v. Schick, 6 Ill. App. 280.

Without waiving our right to ask an affirmance of the judgment for the reasons hereinabove mentioned, we insist the finding was right upon a consideration of all the evidence in the case.

PHILLIPS, P. J.   The evidence shows the parties entered into that written agreement, and after the destruction of the school house, the plaintiff was ready and offered to teach in accordance with the contract.   The board of education provided rooms in which school was carried on, and certain teachers continued in employment.   No building was furnished the plaintiff in which to continue his duties under the contract, though he was ready and offered to comply therewith. He had taught and received pay for one month, and the residue of time he was employed under the contract was three months at $45 a month, and at the time of employment he held a teacher's certificate of second grade.   The destruction of the building as alleged in the second plea was shown.

There is conflicting evidence as to whether another building could have been procured, but it appears from the record that the court held the second plea set up facts which constituted a defense to the action, and on those facts so shown the verdict and judgment was entered. The contract did not by its terms provide that the school board would be discharged from compliance with its terms by reason of the destruction of the school house. The discharge of either party to the contract would not result as a matter of law because of the destruction of the building. Neither would the school board be discharged from liability on their contract by reason of the destruction of the school house, and their inability to procure another building. If it had been desired to discharge either party from the contract for such cause, the contract should have so provided. Steele et al. v. Buck et al., 61 Ill. 344; School Trustees v. Bennett, 3 Dutch. 513. The plea set up no defense to the action, and the finding was against the law and evidence. It was error to overrule plaintiff's motion for new trial. The judgment is reversed and the cause remanded.